UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>OAK ROCK FINANCIAL, LLC,<br><br>     Debtor. | Chapter 11<br><br>Case No. 8-13-72251-reg |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS on behalf of the bankruptcy estate of OAK ROCK FINANCIAL, LLC,<br>     Plaintiff,<br>v.<br>ISRAEL DISCOUNT BANK OF NEW YORK, Individually and as Agent Under Certain Credit Agreements, BANK LEUMI USA, BANK HAPOALIM B.M. and CAPITAL ONE, N.A.,<br>     Defendants. | Adv. Pro. No. 8-14-08231-reg |
| ISRAEL DISCOUNT BANK OF NEW YORK, Individually and as Agent Under Certain Credit Agreements, BANK LEUMI USA, BANK HAPOALIM B.M. and CAPITAL ONE, N.A.,<br>     Third-Party Plaintiff,<br>v.<br>JAMES N. AGALS, et. al,<br>     Third-Party Defendants | |

## MEMORANDUM DECISION

Before the Court is the Official Committee of Unsecured Creditors' ("Committee's") omnibus motion *in limine* ("Motion"). The Motion arises in anticipation of trial in an adversary proceeding brought by the Committee seeking, *inter alia*, to avoid certain transactions between Oak Rock Financial, LLC ("Debtor"), and Israel Discount Bank of New York ("IDB"), Bank Leumi USA, Bank Hampoalim B.M. and Capital One, N.A. (together with IDB, "the Lenders") as preferential transfers and/or fraudulent conveyances.

132731998.1

The Motion seeks to preclude the Lenders from calling certain witnesses, introducing documents, raising objections and advancing theories at trial scheduled to commence on November 1, 2016. The Lenders oppose the Motion but have agreed to amend their witness lists by omitting certain witnesses and indicating whom the Lenders "expect" to call and those whom the Lenders "may" call. Additionally the Lenders expect to stipulate to the entry into the record of many of the contested documents. Despite these concessions, the majority of the Motion still remains in contention. For the reasons set forth below, the Motion is partially granted, and otherwise denied.

## DISCUSSION

### Legal Standard

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *In re GII Industries, Inc., f/k/a Grace Industries, Inc., et al. v. New York State Department of Transportation,* 495 B.R. 209, 211 (Bankr. E.D.N.Y, 2011)(citations omitted). Evidence should only be excluded when it is clearly inadmissible on all potential grounds. *Id.* Courts considering a motion *in limine* may reserve judgment until trial, so the motion is placed in the appropriate factual context. *Id.* Furthermore, the court's ruling on a motion *in limine* is subject to change, especially when testimony changes from what was expected. *Id.* And even if nothing unexpected happens, a trial judge may change a ruling on a motion *in limine* based on sound judicial discretion. *Id.*

As this is a bench trial without a jury, the need for an advance ruling to exclude evidence has been deemed by some courts as superfluous and unnecessary. *See Serby v. First Alert, Inc.,* No. 09-CV-4229 WFK VMS, 2015 WL 4494827, (E.D.N.Y. July 22, 2015) (the risk of juror confusion or potential prejudice is not a factor in a bench trial, negating the usefulness of

motions *in limine*); *In re Watkins,* 343 Fed.Appx.#245 (9th Cir. 2009) (finding bankruptcy court did not abuse its discretion by not granting debtor's motion *in limine,* explaining that in a bench trial, an advanced ruling to exclude evidence is generally superfluous and unnecessary);  Curtis E.A. Karnow, *Complexity in Litigation: A Differential Diagnosis,* 18 U. Pa. J. Bus. L. 1, 62 (2015)(motions *in limine* are not usually useful, and sometimes utterly pointless, in a bench trial…[T]he proper purpose of these motions is to ensure the *jury* is not exposed to inadmissible evidence").  Moreover, given the contentious nature of this adversary proceeding, the Court apprehends the parties will ask the Court to revisit any rulings it might make in this Memorandum Decision, during the trial.

In addition to these concerns, granting certain portions of the Motion would undercut the Lenders' legal theories before the Court can fully assess the issues presented.  It is inappropriate to use a motion *in limine* to pre-determine theories of the case or to preclude parties from presenting evidence on underdeveloped issues in advance of the trial.  *GII Industries,* 495 B.R. at 209 (finding that it is inappropriate to address issues on theories of estoppel and waiver in advance of a trial, and that evidence concerning methods of calculating damages should not be excluded because the record was insufficiently developed prior to trial).  Rather, these types of questions should be addressed during trial, where evidence will be offered, objected to and ruled on in an appropriate factual context.  *Id.*  The Lenders shall not be precluded from calling certain witnesses, introducing documents, raising objections and advancing theories which could prevent the Lenders from taking positions and strategies they have a right to take during the trial.  The Court will not entertain the use of a motion *in limine* in the manner urged by the Committee.

## ANALYSIS

Nonetheless, the Court will address each motion *in limine* by the Committee as follows:

**1) Precluding the Lenders' Employee Witnesses that Were First Named After Discovery Ended.**

At the outset of discovery in this adversary proceeding, lists were exchanged between the Lenders and the Committee regarding individuals who might have pertinent information. At the close of discovery the Lenders produced a witness list indicating nine additional witnesses. By the Motion, the Committee seeks to have the Court exclude these witnesses. The Lenders have since agreed to amend this list, removing four of those witnesses. While the Lenders allege that these witnesses were previously named throughout documents produced in discovery, the Committee claims it would be prejudicial if these previously unidentified witnesses were permitted to testify. The Committee has failed to give the Court a sufficient reason to exclude these witnesses at this time. This ruling is without prejudice to the Committee raising any proper objection concerning the witness at trial or their right to cross-examine the potential witness.

**2) Precluding the Lenders' Employee Witnesses Who Are Likely to Provide Cumulative or Irrelevant Testimony.**

The Committee also requests that witnesses who will give cumulative or irrelevant testimony be excluded. However, the Court cannot in advance of trial preclude a witness from testifying based on the assumption that the witness testimony will be cumulative or irrelevant until there is a record on which the court can evaluate the objection. The Committee may renew these objections at trial.

**3) Precluding New Evidence of Lenders' Policies and Procedures Specific to Asset-Based Lending.**

The Committee requests the Court to preclude the Lenders from presenting any evidence about their individual Asset-Based Lending ("ABL") policies at trial, after the Lenders failed to produce such evidence during discovery. The Court shall not preclude any of the Lenders' ABL policy evidence from being admitted at this time. The Court is aware of the Committee's

- 4 -

attempts to obtain ABL policies from the Lenders and IDB's reluctance to respond or produce such policies, and will take this into consideration at trial. Based on IDB's failure to produce ABL policies responsive to the Committee's request, it appears that no such written policies exist. However, the same may not be true of the remaining Lenders. Asking the Court to preclude any evidence regarding ABL policies and to draw an adverse inference from the preclusion is an inappropriate use of a motion *in limine* in this adversary proceeding.

**4) Preclusion of the Lenders from Challenging the Accuracy of the CRO Report or the RAS Report.**

The Committee seeks to preclude the Lenders from challenging the validity of the report produced by the Chief Restructuring Officer ("CRO Report") and the report produced by RAS Management Advisors ("RAS Report"). The Committee served contention interrogatories that required the Lenders to identify any inaccuracies they saw in either report. The Lenders failed to answer the interrogatories in a manner acceptable to the Committee, and the Committee asks that the Lenders be precluded from challenging either report at trial. The Court will be in a better position to rule on any objections the Committee may have to the Lenders' challenges as the trial progresses. It would be premature to make such a ruling in advance of the issues raised by the Lenders.

**5) Preclusion of Lenders from Presenting Evidence of their "Diligent Inquiry"**

The Committee seeks to preclude the Lenders from producing any evidence of their "diligent inquiry" in support of their good faith defense to the fraudulent conveyance claims. According to the Committee, the Lenders failed to adequately respond to contention interrogatories regarding what actions the Lenders took based on "red flags" identified by the Committee. The assertion by the Lenders that they received the transfers from the Debtor in good faith is a fundamental theory underlying the Lenders' defense, not an evidentiary matter.

The Court will not preclude the Lenders from presenting a theory of their case, as motions *in limine* are reserved for evidentiary matters.

**6) That This Court Deem Admissible the Prior Statements of the Lenders and their Agents.**

The Court starts with the presumption that all evidence is presumed relevant and all relevant evidence is admissible, unless the opposing party can prove that it is precluded by the rules or its prejudice outweighs the probative value. Fed.R.Evid. 402; Fed.R.Evid. 403.

The Committee asks this Court to determine that all of the emails written by the Lenders' employees and produced by the Lenders are admissible under Federal Rule of Evidence 801(d)(2)(D); all emails and other documents produced by IDB's Field Examiner, KDMB Lender Advisory Services LLC ("KDMB"), are similarly authentic and admissible under Federal Rule of Evidence 801(d)(2)(D); and that prior statements by IDB's counsel are admissible as judicial admissions.

While the admissibility of evidence is something that can be decided in a motion *in limine*, the context in which evidence may be used, cannot. In other words, while a document produced by a party in discovery may be deemed authentic for purposes of Federal Rule of Evidence 901 prior to trial, the substance of that document and the context of the document, which may affect whether the document should be excluded pursuant to the Federal Rules of Evidence, cannot be decided as a pre-trial matter.

The Committee only asks that the Court find the documents produced by the Lenders are *admissible*, not to deem them *admitted* prior to trial. First, Federal Rule of Evidence 901 requires all evidence be authentic, or as the rule tells us, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is, therefore, each document produced for admission into evidence must first be authenticated. Next, it must

overcome the rule against hearsay as an exception or an exemption to hearsay. Finally, the evidence must be relevant.

### A) The Documents Produced by IDB or its Employees

This Court finds that as a threshold matter, bates-stamped emails and documents produced by the Lenders with their letterhead, or other self-identifying marks, are authentic for purposes of Federal Rule of Evidence 901. Because the documents are authentic as business records, they also are an exception to hearsay. Fed.R.Evid. 803(6). Therefore, the Committee does not have to establish the authenticity nor overcome the rule against hearsay for these documents. Therefore, the burden will be on the Lenders to establish that these documents should be excluded on a basis other than hearsay or authenticity. The Lenders may provide a context in which the documents were written to rebut or "cross-examine" the documents in order to preclude their admission into evidence. Objections related to relevance, hearsay within hearsay, prejudice or any other objection to its admission, are reserved for the Lenders and will ultimately be decided by the Court at trial.

### B) The Documents Produced by KDMB

Similarly, the documents produced by KDMB with its letterhead or other identifying marks will be presumptively authentic and therefore *admissible* as an exception to hearsay under Federal Rule of Evidence 803(6), the business records exception. The parties may not object to their authenticity or to their admissible under the business records exception to hearsay. This finding does not preclude the Lenders from objecting to the admission of documents produced by KDMB on other grounds, which this Court will then consider.

In conclusion, there is a blanket presumption that all documents produced by KDMB or the Lenders marked with their letterhead or other self-identifying marks are authentic as they are

business records of the parties, and are also not excluded by the rule against hearsay. Fed.R.Evid. 803(6) and Fed.R.Evid 901. Because the Court finds that the business records exception applies, it need not consider whether the documents are an admission by a party opponent for purposes of Federal Rule of Evidence 801(d)(2)(D).

### C) Presumption that Prior Statements by the Lenders are Admissible as Judicial Admissions

The Committee also asks the Court to find that prior statements by the Lenders and their attorneys in other proceedings be deemed admissible against them as "judicial admissions." Judicial admissions are formal stipulations of the facts by parties or counsel that concede an element of a claim or defense. *Hoodho v. Holder,* 558 F.3d 184, 191 (2nd Cir. 2009). Judicial admissions dispose of issues because they dispense with the need for proof of facts. *Id.* The statements the Committee asks this Court to treat as judicial admissions go to an issue that has yet to be decided in this case, and cannot be deemed admitted by the Lenders. There has yet to be a finding of fact that a Ponzi scheme existed or that IDB was aware of "red flags" regarding the Debtor's conduct. These are conclusions that remain to be established. *Stichting Ter Behartiging Van de Belgangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt International v. Schreiber,* 407 F.3d 34, 45 (2nd Cir. 2005) (judicial admissions are statements of fact rather than legal arguments made to the court). "Judicial admissions must be 'clear and unambiguous admission[s] of fact' and must 'relate to factual assertions made by one party concerning matters peculiarly within its knowledge or control.'" *Hausler v. JP Morgan Chase Bank,* N.A. 127 F. Supp. 3d 17, 36-37 (S.D.N.Y. 2015) (quoting *Hoodho v. Holder,* 588 F.3d 184, 191 (2d Cir. 2009)). Whether there was a Ponzi scheme in this case is neither an unambiguous fact nor one the Lenders have asserted that is peculiarly within their control. Thus, the Court will not consider these statements as judicial admissions.

The statements identified by the Committee may be an evidentiary admission which the Committee may offer during the trial to support its case. If and when the Lenders object, the Committee may offer their reasons for why those objections should be overruled. Prior statements or arguments raised may be relevant evidence at trial, where appropriate weight will be given to such evidence. But the weight to give such evidence shall not be pre-determined by the Court.

## CONCLUSION

For the reasons set forth above, the Motion is granted solely to the extent that the parties may not challenge the authenticity of, or the applicability of Federal Rule of Evidence 803(6) to (i) the documents produced by the Lenders bearing their letterhead or other identifying marks, and (ii) the documents produced by KDMB with their letterhead or other identifying marks. The Motion is denied as to the remainder. The Court shall enter an order consistent with this Memorandum Decision forthwith.



**Dated: Central Islip, New York**
      **October 4, 2016**

/s/ Robert E. Grossman
**Robert E. Grossman**
**United States Bankruptcy Judge**